**In re SEASPIRE, INC., Debtor.**

**Bankruptcy No. 85–3120.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 3, 1986.

Malka Isaak, Tampa, Fla., John Yanchunis, St. Petersburg, Fla., for debtor.

Raymond C. Farfante, Tampa, Fla., for Joseph Cabella.

## ORDER ON MOTION SEEKING ORDER CITING MALKA ISAAK FOR CONTEMPT AND MOTION TO SUSPEND EFFECT OF ORDER ON MOTION TO LIFT STAY, AND MOTION TO IMPOSE SANCTIONS AGAINST DEBTOR AND DEBTOR'S COUNSEL AND MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 11 case is a Motion Seeking Order Citing Malka Isaak for Contempt. The Motion is filed by Joseph L. Cabella, a creditor in the above-captioned cause. The facts relevant to this matter, as appear from the record, are undisputed and are as follows:

On December 27, 1985, this Court entered an Order on Motion to Lift Stay and Motion to Impose Sanctions Against Debtor and Debtor's Counsel and on a Motion to Dismiss, 56 B.R. 159. In that Order, the Court, first, lifted the automatic stay in order to enable Joseph Cabella to proceed with his foreclosure sale, and second, pursuant to Bankruptcy Rule 9011, imposed sanctions against the Debtor's attorney, Malka Isaak, because of Ms. Isaak's repeated disregard "not only of specific orders of this Court, but of the most basic procedural requirements of the Bankruptcy Code and of the Bankruptcy Rules." The Order directed Ms. Isaak to pay Joseph Cabella the sum of $500 within five days of the date of the order; however, the Court later extended the time within which Ms. Isaak could pay the money to Mr. Cabella to January 9, 1986. No appeal was taken from this Order entered on December 27, 1985.

On January 6, 1986, the Debtor, through Ms. Isaak, moved for a rehearing of the matters contained in the December 27 Order. Upon rehearing, this Court, while reinstating the automatic stay, reiterated its previous conclusion that because of the repeated disregard of specific orders and the most basic procedural requirements of the Bankruptcy Code, the imposition of sanctions on Ms. Isaak was proper. Accordingly, this Court entered an order and reaffirmed its December 27 Order directing Ms. Isaak to pay Mr. Cabella. On January 31, 1986, Ms. Isaak filed a Notice of Appeal from the Order entered on the Motion for Rehearing.

The matter now before the Court, presented by Mr. Cabella, seeks an order from this Court requesting the United States District Court to punish Ms. Isaak for her failure to pay the sanctions imposed on her by the Order of December 27, 1985.

Based on the record and the arguments of counsel, this Court is satisfied that the December 27, 1985, Order which imposed sanctions on Ms. Isaak is a Final Order from which no appeal has been taken, and Ms. Isaak is in contempt of this Court for her willful refusal to comply with that Order. Accordingly, it is proper that this Court order Ms. Isaak to appear before the United States District Court and show cause why she should not be punished for contempt based on her willful failure to abide by this Court's Order of December 27, 1985.

On April 23, 1986, in an apparent attempt to escape the consequences of non-

**46**

compliance, Ms. Isaak filed a Motion to Suspend Effect of Order on Motion to Lift Stay and Motion to Impose Sanctions Against Debtor and Debtor's Counsel and Motion to Dismiss. If this Motion is to be treated as a Motion for relief from the original Order entered December 27, it is obviously untimely and cannot be considered. If this Motion is to be treated as a Motion to stay pending appeal, it is equally without merit and cannot favorably be considered. It appears, however, that after the conclusion of the hearing on the matter now before the Court, Ms. Isaak paid the $500 to Mr. Cabella, ostensibly under protest by stating that the payment shall not be deemed to have any effect on the pending appeal. Be that as it may, it is the considered opinion of this Court, that while the belated payment may not have any effect on the pending appeal, neither does it purge Ms. Isaak of over four months of contemptuous conduct by her willful non-compliance with this Court's valid Order entered on December 27, 1985. Accordingly, it is

ORDERED, ADJUDGED and DECREED that the Motion Seeking Order Citing Malka Isaak for Contempt be, and the same is hereby granted and this Court hereby certifies to the United States District Court that Malka Isaak is in contempt of this Court. It is further

ORDERED, ADJUDGED and DECREED that Ms. Isaak be and she is hereby ordered to appear before the United States District Court, Chief Judge William Terrell Hodges, on a date to be set by further order, and show cause, if she has any, why she should not be punished for being in contempt of this Court. It is further

ORDERED, ADJUDGED and DECREED that this matter be, and the same is hereby transferred to the United States District Court for such action as is deemed to be appropriate, and that the Clerk shall forthwith transfer the entire record relevant to this matter for disposition. It is further

ORDERED, ADJUDGED and DECREED that the Motion to Suspend Effect of Order on Motion to Lift Stay and Motion to Impose Sanctions Against Debtor and Debtor's Counsel and Motion to Dismiss be, and the same is hereby denied.