**Joseph J. HESS, Jr., Plaintiff–Appellee,**

v.

**NEW JERSEY TRANSIT RAIL OPERA-TIONS, INC., Defendant–Appellant.**

**No. 358, Docket 87–7569.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 7, 1988.

Decided April 21, 1988.

De Nice Powell, New York City (Walker & Bailey, New York City, of counsel), for defendant-appellant.

Before VAN GRAAFEILAND, WINTER and ALTIMARI, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

New Jersey Transit Rail Operations, Inc. appeals from an order of the United States District Court for the Southern District of New York (Sweet, J.) holding the company in contempt of court and fining it $1,000. The factual background for this ruling is not complex. Joseph Hess brought this action seeking damages for injuries allegedly sustained in the course of his employment with New Jersey Transit. At a pretrial conference held several months before trial, the district judge ordered New Jersey Transit to submit a "bonafide" pretrial settlement offer or be subject to sanctions and costs. Although trial counsel for New Jersey Transit twice discussed settlement with plaintiff's attorney prior to the case being reached for trial, in the face of plaintiff's firm demand of $150,000, no offer was made.

On the first day of trial, Hess reduced his demand to $110,000. New Jersey Transit countered with an offer of $50,000. On the third day of trial, the case was settled for $85,000. Immediately after the terms of the settlement were read into the record, the district judge held New Jersey Transit in contempt of court for failing to comply

with his order, and imposed a $1,000 fine to be paid into the Registry of the Court. The judge stated, "my purpose in doing this is because this is the second time that I have had a New Jersey Transit case in which ... we haven't been able to get the decision-makers to focus on the case until after it has gone to trial." The judge concluded, "maybe the point will get across."

On February 17, 1987, a hearing was held at the request of New Jersey Transit. At the hearing, the district judge affirmed his earlier decision to hold New Jersey Transit in contempt of court. On June 9, 1987, the district judge entered a written order confirming his ruling, in which he stated:

> The court held New Jersey Transit in civil contempt of court, finding that the contempt had been in the presence of the court, and imposed a fine of $1,000—approximately the cost to the government of providing the jury—to be paid into the Registry of the Court.

This description of the district court's order, with which, for reasons hereafter discussed, we disagree, has placed the proceedings before this Court in a peculiar posture. An appeal is taken from a district court to the Court of Appeals by filing a notice of appeal with the district court clerk, who then mails a copy of the notice to counsel of record for each party. Fed.R. App.P. 3(a), (d). The district court's docket sheet in the instant case indicates that copies of the notice of appeal were sent only to the attorneys of record for Hess and New Jersey Transit. Because the payment or nonpayment of the $1,000 fine is a matter of no concern to Hess, he has not participated in any way in the appellate proceedings. Neither has the government. As a result, we have not had the benefit of that "concrete adverseness which sharpens the presentation of issues." *Flast v. Cohen*, 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947 (1968) (quoting *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962)); *see Princeton University v. Schmid*, 455 U.S. 100, 102, 102 S.Ct. 867, 868, 70 L.Ed.2d 855 (1982) (per curiam); *Bayron v. Trudeau*, 702 F.2d 43, 45–46 (2d Cir.1983).

The district judge's labeling of his contempt order as "civil" did not establish it conclusively to be such. *Shillitani v. United States*, 384 U.S. 364, 369, 86 S.Ct. 1531, 1534, 16 L.Ed.2d 622 (1966); *Smith v. Sullivan*, 611 F.2d 1050, 1053 (5th Cir. 1980). We hold that the district judge's contempt order was not civil—it was criminal. The distinction between civil and criminal contempt has been explained so often that, by now, the general principles are well established. If the sentence of contempt is imposed for the coercive or remedial purpose of compelling obedience to a court order and providing compensation or relief to the complaining party, the contempt is civil in nature; if the sentence is unconditionally and punitively imposed to vindicate the authority of the court and not to provide private benefits, the contempt is criminal. *Nye v. United States*, 313 U.S. 33, 42–43, 61 S.Ct. 810, 812–13, 85 L.Ed. 1172 (1941); *In re Weiss*, 703 F.2d 653, 661 (2d Cir.1983) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441, 31 S.Ct. 492, 498, 55 L.Ed. 797 (1911)); *International Business Machines Corp. v. United States*, 493 F.2d 112, 114–15 (2d Cir.1973), *cert. denied*, 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974); *Carbon Fuel Co. v. United Mine Workers*, 517 F.2d 1348, 1349–50 (4th Cir.1975); *Smith v. Sullivan*, *supra*, 611 F.2d at 1053. The $1,000 fine levied by the district court falls into the latter category. It was unconditional punishment for past conduct, having only such deterrent effect as inheres in any criminal punishment.

Had the district court labeled his contempt order as criminal rather than civil, the interests of the government undoubtedly would have been represented on this appeal. The question whether the district court could have held New Jersey Transit summarily in criminal contempt for alleged misconduct committed "in the presence of the court" then could have been debated. *See United States v. Wilson*, 421 U.S. 309, 95 S.Ct. 1802, 44 L.Ed.2d 186 (1975); *United States v. Martin-Trigona*, 759 F.2d 1017, 1024–26 (2d Cir.1985). So also could

the questions whether New Jersey Transit had been informed adequately that it was being tried for criminal contempt, *Harris v. United States*, 382 U.S. 162, 164–67, 86 S.Ct. 352, 353–55, 15 L.Ed.2d 240 (1965); Fed.R.Crim.P. 42(b), and whether the district court used the proper test for a finding of criminal contempt, *i.e.*, proof beyond a reasonable doubt, *Matter of Kitchen*, 706 F.2d 1266, 1271 (2d Cir.1983); *In re Weiss, supra*, 703 F.2d at 662.

We could, of course, vacate the district court's order and remand to that court for further proceedings. However, because the law of this Circuit so clearly precludes a finding of criminal contempt under the facts of this case, we see no need for such further proceedings. In *Kothe v. Smith*, 771 F.2d 667 (2d Cir.1985), we reversed a contempt fine levied against a defendant for failure to make a pretrial settlement offer in an amount recommended by the district judge and for which the case was settled after one day of trial. We held that "[a]lthough the law favors the voluntary settlement of civil suits, it does not sanction efforts by trial judges to effect settlements through coercion." *Id.* at 669 (citations omitted). In an apparent effort to avoid conflict with *Kothe*, the district judge here refrained from naming a specific figure but directed instead that the defendant make a "bonafide" offer. In so doing, the district judge avoided one error by committing another.

No one may be held in contempt for violating a court order unless the order is clear and specific and leaves no uncertainty in the minds of those to whom it is addressed. *International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n.*, 389 U.S. 64, 76, 88 S.Ct. 201, 208, 19 L.Ed.2d 236 (1967); *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir.), *cert. denied*, 454 U.S. 832, 102 S.Ct. 131, 70 L.Ed.3d 111 (1981). Because criminal contempt is a crime, a public wrong punishable by fine or imprisonment or both, *Bloom v. Illinois*, 391 U.S. 194, 201, 88 S.Ct. 1477, 1481, 20 L.Ed.2d 522 (1968), *In re Weiss, supra*, 703 F.2d at 662, the requirement of certainty is especially applicable to orders whose violation subjects the perpetrator to criminal

contempt proceedings. See, *e.g., United States v. Joyce*, 498 F.2d 592, 595–96 (7th Cir.1974), where the Court held that an order requiring appellant to use "his best offices" was improperly vague and ambiguous.

The phrase "bonafide offer of settlement" is as vague and imprecise as the phrase condemned by the *Joyce* Court. "Bonafide in its accepted meaning is good faith without fraud or deception; that is, good faith and honesty as distinguished from bad faith." *M. Lowenstein & Sons, Inc. v. British–American Mfg. Co.*, 7 F.2d 51, 53 (2d Cir.1925). Applying this definition, even with the benefit of hindsight, we are unable to determine how much New Jersey Transit was required to offer in response to plaintiff's $150,000 demand in order to avoid a finding of bad faith. Because the district court apparently based the $1,000 fine upon the cost of a 3–day trial despite the defendant's offer of $50,-000 on the first day, it may be that, in the opinion of the district judge, $50,000 was not a "bonafide" offer. This we do not know. If the district judge had a figure in mind, he wisely refrained from telling New Jersey Transit what it was. *Kothe v. Smith, supra*, 771 F.2d at 670; *see Del Rio v. Northern Blower Co.*, 574 F.2d 23, 26 (1st Cir.1978). On the other hand, the district court should not have placed the company in criminal jeopardy by forcing it to guess what the court meant by the phrase "bonafide offer."

We remand to the district court with instructions to vacate the judgment. No costs on appeal are awarded.