**SD PROTECTION, INC., Plaintiff,**

v.

**Edward DEL RIO, Defendant.**

**No. 06–CV–5571 (RRM)(RML).**

United States District Court, E.D. New York.

Nov. 21, 2008.

---

Robert Lewis, Office of Robert Lewis, Nyack, NY, for Plaintiff.

Joseph D'Ambrosio, Ford Marrin Esposito Witmeyer & Gleser, L.L.P., New York, NY, for Defendant.

## MEMORANDUM OPINION

MAUSKOPF, District Judge.

Plaintiff SD Protection, Inc. ("SD Protection") commenced this breach of contract action against defendant Edward Del Rio ("Del Rio") in October 2006, seeking money damages and a declaratory judgment based on an allegation that Del Rio violated the non-compete and non solicitation provisions of his employment agreement with SD Protection. Following the denial of Del Rio's motion to dismiss in July 2007, SD Protection, through a pat-

tern of obstructionist and defiant behavior, has utterly frustrated the progress of this case and ignored a series of Court Orders.

In accordance with United States Magistrate Judge Robert M. Levy's October 23, 2008 Certification of Contempt, this Court held a civil contempt hearing on November 7, 2008. As the Court stated on the record at the conclusion of that hearing, and for the reasons set forth herein and in the attached short-form Order, the Court holds SD Protection in contempt of court and imposes a compensatory remedy as set forth more fully below.

## BACKGROUND

SD Protection filed this action in October 2006. In December 2006, Del Rio moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which motion was denied by our predecessor Court (Garaufis, J.) on July 20, 2007, 498 F.Supp.2d 576. (Docket No. 15.) The parties then proceeded with discovery under the supervision of Judge Levy. From the beginning, Judge Levy had difficulty in securing SD Protection's cooperation in the discovery process. *See, e.g.,* Minute Entry dated January 10, 2008; Order dated February 7, 2008.

It soon became clear that the main issue of contention in the discovery process was SD Protection's failure to produce a complete, unedited copy of the e-mail correspondence between the parties that SD Protection claimed to constitute the operative contract underlying this action. *See, e.g.,* Minute Entry dated March 4, 2008; Minute Entry dated April 2, 2008. After SD Protection failed to comply with numerous discovery-related orders, Judge Levy sanctioned SD Protection pursuant to his authority under Federal Rule of Civil Procedure 37, ordering the company to pay a compensatory fine of $1,000 to Del Rio, to "compensate him and his attorney for the cost in time and resources of re-

peatedly seeking this discovery and for the delay in resolving this litigation." *See* Minute Entry dated April 24, 2008 (the "April 24 Order"). Judge Levy ordered SD Protection to pay said fine by May 23, 2008. (*Id.*) In addition, Judge Levy recommended that this case be dismissed for failure to prosecute, but stayed that recommendation to afford SD Protection a final opportunity to comply with the Court's discovery orders. (*Id.*)

SD Protection did not pay the $1,000 fine by May 23, 2008 as ordered by Judge Levy. In his May 27, 2008 letter to the Court, counsel for SD Protection, Robert S. Lewis, Esq., wrote the following:

> As for the sanction previously imposed upon my client, I have conveyed to the client the obligation to comply, as well as the serious consequences which may occur as a result disobeying [*sic*] a valid Court Order. For my client, I apologize.

On June 20, 2008, Del Rio moved for additional relief in light of SD Protection's failure to comply with Judge Levy's orders. Specifically, Del Rio asked Judge Levy to (1) lift that portion of the April 24 Order that stayed Judge Levy's recommendation that SD Protection's claims be dismissed, and (2) grant additional relief, including compensatory sanctions payable to Del Rio for the attorney's fees and costs he incurred in seeking SD Protection's compliance with the Court's orders. *See* Docket No. 27.

By Order and Report and Recommendation dated September 10, 2008 (Docket No. 31) (the "R & R"), Judge Levy granted Del Rio's motion and took the following actions: (i) recommended that this Court dismiss SD Protection's claims; (ii) imposed an additional monetary sanction of $5,000 for SD Protection's refusal to pay the $1,000 sanction (payable by October 21, 2008); (iii) ordered that SD Protection pay Del Rio's reasonable attorney's fees and costs associated with the latter's efforts to gain SD Protection's compliance with the Court's orders; and (iv) gave SD Protection a final deadline of September 16, 2008 to pay the $1,000 sanction imposed in the Court's April 24 Order. SD Protection did not object to the recommendation of dismissal and the Court has adopted that recommendation in a separate Memorandum and Order to be issued concurrently with this Memorandum and Opinion.

SD Protection did not comply with the R & R. The company failed to pay the $1,000 sanction by September 16, 2008. Del Rio moved for additional sanctions on September 17, 2008. (Docket No. 32.) By Order dated October 9, 2008, Judge Levy directed SD Protection to show cause why it should not be held in contempt of court for failing to comply with the Court's Orders.

SD Protection did not comply with that order. Finally, on October 23, 2008, Judge Levy issued a Certification of Contempt, recounting the foregoing history and ordering SD Protection to appear before the undersigned on November 7, 2008, for a final opportunity to show cause why it should not be held in contempt for failing to comply with Judge Levy's orders.

On November 7, 2008, counsel for Del Rio and SD Protection appeared before this Court and presented their arguments as to whether SD Protection should be held in civil contempt for its failure to comply with Court Orders. At that hearing, Mr. Lewis, counsel for SD Protection, informed the Court that although he had communicated the Court's orders to his client—specifically, to its President and sole shareholder, Sandra Mercado ("Mercado")—there was "no question" that SD Protection had not complied with the Court's numerous orders to pay the $1,000 discovery sanction. Counsel further acknowledged that the Court's orders were "most definitely" clear and unambiguous

and that SD Protection could identify no facts to indicate that it had made any effort to comply with those orders. Although counsel hypothesized that the current slump in the economy might have affected SD Protection's ability to pay the fines as ordered, he proffered no evidence whatsoever to bolster that speculation.

Based on the foregoing record, the Court held SD Protection in contempt of court and asked both parties to address the appropriate remedy. Counsel for Del Rio argued that, in light of SD Protection's pattern of ignoring the Court's monetary sanctions, civil arrest was the only remedy likely to secure compliance. Counsel for SD Protection asked the Court not to resort to civil arrest and opined that the mere prospect of arrest might finally convince his client to comply with the Court's orders. The Court took the issue of remedy under advisement and provided SD Protection with one final opportunity to comply with the Order. The Court gave SD Protection until November 10, 2008 to comply, and directed counsel for SD Protection to file a letter, by 5:00 p.m. on that day, informing the Court whether his client had paid the outstanding Court-ordered fines. At 6:31 p.m. on November 10, counsel for SD Protection filed a letter informing the Court that his client had not paid the Court-ordered fines. (Docket No. 37.) Counsel's letter did not indicate that SD Protection had any intention of attempting to comply with the Court's Orders. At no time has SD Protection sought relief from any of the Court's orders or indicated its inability to comply with them.

### APPLICABLE LAW

■ A party that fails to obey a valid order of the court may be subject to both civil and criminal penalties. *See Eros Entm't, Inc. v. Melody Spot, L.L.C.*, No. 99 CV 1157(SJ), 2005 WL 4655385, at *3–4, 2005 U.S. Dist. LEXIS 43227, at *10–11 (E.D.N.Y. Oct. 11, 2005) (citing *United States v. Petito*, 671 F.2d 68, 72 (2d Cir. 1982)); *see also United States v. United Mine Workers*, 330 U.S. 258, 298–99, 67 S.Ct. 677, 91 L.Ed. 884 (1947) ("[c]ommon sense would recognize that conduct can amount to both civil and criminal contempt. The same acts may justify a court in resorting to coercive and to punitive measures").

■ The primary difference between orders of civil and criminal contempt is their purpose. Criminal contempt is used to punish the contemnor, deter future offenses against the public, and/or vindicate the court's authority; while civil contempt seeks to coerce the contemnor into compliance with the court's order and/or to compensate the complaining party for losses incurred as a result of the contemnor's conduct. *Id.*; *see also Nye v. United States*, 313 U.S. 33, 41–43, 61 S.Ct. 810, 85 L.Ed. 1172 (1941) (distinguishing characteristic of civil contempt is that "the punishment is wholly remedial, serves only the purpose of the complainant, and is not intended as a deterrent to offenses against the public."); *Hess v. N.J. Transit Rail Operations, Inc.*, 846 F.2d 114, 115 (2d Cir.1988) (defining differences between criminal and civil contempt); *In re Grand Jury Witness*, 835 F.2d 437, 440–41 (2d Cir.1987) (civil contempt often employed to compel compliance with a court order).

■ "The court 'has the inherent power to hold a party in civil contempt in order to enforce compliance with an order of the court or to compensate for losses or damages.'" *Eros Entm't*, 2005 WL 4655385, at *4, 2005 U.S. Dist. LEXIS 4322, at *12 (quoting *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir.1981)); *see also Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir.1979) (civil contempt used to make the injured party whole); *United States v. D–M Sales Corp.*, 903 F.Supp. 431, 433 (E.D.N.Y.1995).

■ The three key elements that must be established for a court to hold a party in civil contempt are: (i) the order must be "clear and unambiguous," *Powell*, 643 F.2d at 931 (quotation omitted); (ii) the proof of non-compliance must be "clear and convincing," *id.*; and (iii) the contemnor must not have "been reasonably diligent and energetic in attempting to accomplish what was ordered." *Id. See also King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) ("[a] contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict").

■ If these three elements are met and a court holds a party in civil contempt, it must then determine the appropriate remedy. As the Supreme Court has explained, "[j]udicial sanctions in civil contempt proceedings may, in a proper case, be employed for *either or both* of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *United Mine Workers*, 330 U.S. at 303–04, 67 S.Ct. 677 (emphasis added and citation omitted). "Where compensation is intended, a fine is imposed, payable to the complainant. . . . But where the purpose is to make [the contemnor] comply, the court's discretion is otherwise exercised. It must then consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *Id.* at 304, 67 S.Ct. 677.

## DISCUSSION

### A. Finding of Contempt

■ Applying the law of civil contempt to the facts of this case, the Court finds that all three elements of civil contempt are clearly met. As both parties concede, the Order at issue here—Judge Levy's April 24 Order—was clear and unambiguous. The act required of SD Protection, *i.e.*, the payment of a monetary sanction, was clearly understood by all parties involved in this case. Moreover, at least three (3) Court Orders issued *after* the original April 24 Order conveyed the same instruction and afforded additional opportunities for SD Protection to comply. In addition, as SD Protection has repeatedly acknowledged, there is no question that it has not complied with the April 24 Order, or even made a reasonably diligent effort to comply. Even after holding SD Protection in contempt at the conclusion of the November 7 hearing, the Court afforded the company an additional opportunity to pay the Court-ordered fine. SD Protection has neither complied with the Court's Orders nor expressed any intention to comply. In light of the foregoing, the Court finds, by clear and convincing evidence, that SD Protection is in contempt of court.

### B. Remedy

Having held SD Protection in contempt, the Court must determine the appropriate remedy. The purpose of civil contempt is not to punish the contemnor but to compel its compliance and/or compensate the complaining party for its losses. As for a coercive remedy, the Court believes that additional monetary sanctions alone will not suffice to compel SD Protection's compliance with the Court's Orders. The April 24 Order was itself a monetary sanction imposed for failing to comply with prior orders, and the R & R imposed an additional $5,000 monetary penalty for failing to comply with the April 24 Order.[1] Con-

---

1. The Court's contempt holding will not extend to the additional $5,000 sanction imposed in Judge Levy's R & R, however, as the

sidering SD Protection's history of ignoring monetary sanctions, the effectiveness of any additional monetary sanction in compelling SD Protection's compliance with the Court's Orders is doubtful.

As for the remedy sought by Del Rio—*i.e.*, civil arrest and commitment of Mercado, SD Protection's CEO and sole shareholder—the Court declines to impose that remedy as well, as it is unable to conclude that such a remedy would be effective. Although the Court believes that civil contempt might well lie against Mercado, individually, were proper notice provided,[2] it is unlikely that such a contempt finding could be enforced against Mercado through the Court's civil commitment power.

█ Mercado is located in Florida and there has been no suggestion that she is likely to come to New York or the surrounding area in the foreseeable future. Although neither party has addressed this issue, even after it was raised by the Court during the November 7 contempt hearing, it is essential to determine whether the Court has the power to order Mercado's arrest in Florida. This Court concludes that it does not.

█ Federal Rule of Civil Procedure 4.1(b) governs orders of commitment for civil contempt. That section provides:

> An order of civil commitment of a person held to be in contempt of a decree or injunction issued to enforce the laws of the United States may be served and entered in any district. Other orders in civil contempt proceedings shall be served in the state in which the court issuing the order to be enforced is located or elsewhere within the United States if not more than 100 miles from the place at which the order to be enforced was issued.

The Court agrees with the reasoning and holding of our sister court in *Spectacular Venture, L.P. v. World Star Int'l,* 927 F.Supp. 683 (S.D.N.Y.1996), and concludes that orders issued in cases arising under the Court's diversity jurisdiction are *not* issued "to enforce the laws of the United States." *Id.* at 685–86. As this case rests on the Court's diversity jurisdiction, an order of civil commitment in this case could only be served within New York State or within 100 miles from this courthouse. As the district court found in *Spectacular Venture,* because "there is no reasonable prospect that [Mercado] will be subject to service of such an order, there would be little point in issuing it." *Id.* at 686 (citation omitted).

█ In light of the foregoing, the Court finds that a remedy different from that requested by Del Rio is warranted.

---

Court cannot find that it was clear and unambiguous insofar as it did not specify whether this sanction was payable to Del Rio or to the Court itself. In any event, as the Court is dismissing the complaint in a Memorandum and Order issued concurrently herewith, the relief provided for in these two Orders constitutes a sufficient remedy for SD Protection's failure to comply with Court Orders.

2. As the Supreme Court has explained:
A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the [order] directed to the corporation, ... fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.
*Wilson v. United States,* 221 U.S. 361, 376, 31 S.Ct. 538, 55 L.Ed. 771 (1911). *See also, e.g., Federal Home Loan Mortg. Corp. v. Berbod Realty Assocs., L.P.,* No. 91 Civ. 1033(CSH), 1994 WL 1060301, at *7, 1994 U.S. Dist. LEXIS 21421, at *24–27 (S.D.N.Y. Aug. 16, 1994) ("[t]here being no question of notice to Bodner, as the officer of the corporation ultimately responsible for Berbod's compliance with the order, he is in contempt.").

Local Civil Rule 83.9 provides that a fine awarded in connection with a contempt adjudication shall be enforceable as a final judgment. As such, the Court will enter judgment against SD Protection and in favor of Del Rio in an amount that will (i) provide the $1,000 discovery sanction imposed in Judge Levy's April 24 Order; and (ii) compensate Del Rio for his efforts to secure SD Protection's compliance with the April 24 Order.

In addition to the $1,000 awarded in the April 24 Order, the Court will award Del Rio the reasonable costs and attorney's fees he incurred in seeking SD Protection's compliance with the April 24 Order. Although Del Rio has already filed a submission in support of an award of attorney's fees (Docket No. 33), the Court notes that some of the fees sought appear to be duplicative of the relief provided for in Judge Levy's April 24 Order. For example, the first seven attorney billing entries were for work performed *prior to* the issuance of Judge Levy's April 24 Order. Because the $1,000 awarded in the April 24 Order was "to compensate [Del Rio] and his attorney for the cost in time and resources of repeatedly seeking this discovery and for the delay in resolving this litigation," *see* April 24 Order, it appears that the costs and fees preceding that Order were already provided for through the $1,000 sanction imposed. In addition, Del Rio's past submission may not cover all of his fees and expenses, as it does not address any fees or expenses incurred *after* its submission date of October 2, 2008.

The Court intends to award Del Rio the reasonable costs and fees he incurred in attempting to compel SD Protection's compliance with the April 24 Order. Del Rio shall, therefore, submit an application in support of those costs and fees. After SD Protection has an opportunity to respond, the Court will determine a reasonable amount and enter judgment in that amount together with the $1,000 provided for in the April 24 Order. Del Rio shall submit his application for costs and fees on or before November 24, 2008, and SD Protection shall submit any opposition thereto on or before December 1, 2008.

### CONCLUSION

For the reasons set forth above, and pursuant to the attached short-form Order, the Court holds plaintiff SD Protection, Inc. in contempt of court. To give effect to Judge Levy's April 24 Order and to compensate Del Rio for the costs and fees he incurred in seeking SD Protection's compliance therewith, the Court will direct the entry of judgment in an appropriate amount, to be determined after reviewing further submissions from the parties. Del Rio shall submit his application for costs and attorney's fees on or before December 1, 2008, and SD Protection shall submit any opposition thereto on or before December 8, 2008. The foregoing findings and the Court's directives are embodied in a separate, short-form Order attached hereto.

SO ORDERED.