FILED

NOT FOR PUBLICATION

APR 04 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re:                          )   BAP No. SC-13-1301-PaJuKu
                                )
JOSE J. HERNANDEZ,              )   Bankr. No. 11-15921-MM7
                                )
            Debtor.             )
_____ )
                                )
COLLECT ACCESS, LLC,            )
                                )
            Appellant,          )
                                )
v.                              )   **M E M O R A N D U M**[1]
                                )
JOSE HERNANDEZ,                 )
                                )
            Appellee.[2]        )
_____ )

Argued and Submitted on March 20, 2014
at Pasadena, California

Filed - April 4, 2014

Appeal from the United States Bankruptcy Court
for the Southern District of California

Honorable Margaret M. Mann, Bankruptcy Judge, Presiding

———————————————

Appearances:   Tappan Zee argued for appellant Collect Access,
               LLC.

———————————————

Before: PAPPAS, JURY, and KURTZ, Bankruptcy Judges.

———————————————

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2] Appellee Jose Hernandez did not file a brief or appear in this appeal.

Appellant Collect Access, LLC ("Collect") appeals the order of the bankruptcy court finding it in contempt for failing to pay monies due to chapter 7[3] debtor, Appellee Jose J. Hernandez ("Hernandez"), under the terms of a previous order.  We AFFIRM.

**FACTS**[4]

On August 30, 2002, a judgment was entered in San Diego Superior Court in favor of First Select, Inc. against Hernandez for $2,091.71; the judgment was renewed on January 22, 2008 for $3,723.19.  Collect, the successor to First Select, submitted a writ of execution to the Los Angeles Sheriff's Department on July 12, 2011, to enforce the judgment.  On August 26, 2011, the sheriff served the writ on Wells Fargo Bank, N.A. and received $712.39 from funds in Hernandez's bank account.

On September 27, 2011, Hernandez filed a petition for relief under chapter 7.  He listed the levied funds as an asset in Schedule B and claimed them exempt in Schedule C.

On November 3, 2011, Hernandez filed an ex parte motion in the bankruptcy court seeking an order requiring the sheriff to turn over the funds to him under § 542(a).  The bankruptcy court granted the turnover motion the next day.  However, the sheriff

---

[3]  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and all Civil Rule references are to the Federal Rules of Civil Procedure 1–86.

[4]  As is discussed below, this is the second occasion these parties have appeared before the Panel concerning their disputes. Many of the facts recounted here are taken from the opinion of the Panel in the first appeal, Collect Access, LLC v. Hernandez, 483 B.R. 713 (9th Cir. BAP 2012).

was unable to comply with the order because, before receiving it, the funds had been transferred to Zee Law Group ("Zee Group"), the attorneys for Collect.

Hernandez filed a second ex parte motion for turnover on November 21, 2011, this time directed at Zee Group. The bankruptcy court granted that motion and entered the second turnover order on November 30, 2011.

In response, on December 7, 2011, Collect filed an application to vacate the second turnover order, arguing that there was no legal basis to require it to turn over the funds to Hernandez. Hernandez responded on December 19, 2011, alleging that turnover was proper and, that by not paying over the funds to him, Collect had violated the § 362(a) automatic stay; he sought to recover $1,100 on account of Collect's conduct as damages under § 362(k).

After conducting a hearing on Collect's motion on January 19, 2012, the bankruptcy court entered a Memorandum of Decision on March 19, 2012. The court explained its reasons for having granted both turnover motions and concluded that, by not paying the seized funds to Hernandez, Collect had violated the § 362(a) automatic stay:

> Upon receiving notice of the Debtor's September 27, 2011 bankruptcy petition, Collect had an affirmative obligation to cease its collection procedures and notify the Sheriff to return the property. It failed to do so, resulting in the Sheriff's release of the Funds to Collect on November 7, 2011. This release violated the automatic stay and was void (citations omitted). Collect and its attorney, Tappan Zee, were given notice of Debtor's Chapter 7 petition on the date of filing, September 27, 2011. Bankruptcy Code section 362(k) permits a person injured by any willful violation to recover actual and punitive damages, as sanctions for willful violations. . . . In the

-3-

> Debtor's response to Collect's opposition, the Debtor asserted $1,100 in damages from Collect's violation of the automatic stay. Upon an application for fees and costs by the Debtor, subject to response from Collect, the Court will consider an order assessing Debtor's actual damages for Collect's violation of the automatic stay.

In re Hernandez, 468 B.R. 396, 405-06 (Bankr. S.D. Cal. 2012), aff'd, 483 B.R. 713 (9th Cir. BAP 2012).[5]

The bankruptcy court entered an order denying Collect's motion on April 2, 2012 ("Order Denying Vacatur"), which again directed Collect to turn over the $712.39 to Hernandez no later than seven business days after entry of the order and provided that the court would "consider an order assessing Debtor's actual damages for Collect's violation of the automatic stay upon an Application for Fees and Costs by [Hernandez]."

On April 4, 2012, Hernandez filed a Motion for Costs, Damages and Fees Incurred for Willful Violation of the Automatic Stay (the "Damages Motion"). The Damages Motion sought attorneys fees and costs of $3,572.06, actual damages of $100.00, and punitive damages of $7,225.00 relating to Collect's stay violation.

Collect appealed the Order Denying Vacatur on April 9, 2012. However, Collect did not seek a stay pending appeal from either the bankruptcy court or the Panel. In addition, in its Statement of Issues on Appeal filed in the bankruptcy court, Collect did not challenge the bankruptcy court's ruling that it had violated the automatic stay.

---

[5] For clarity, we will refer to the BAP decision as Hernandez II.

-4-

On April 27, 2012, Collect finally turned over the $712.39 to counsel for Hernandez.

While the appeal in Hernandez II was pending, Hernandez filed two other motions in the bankruptcy court, one to avoid Collect's judgment lien under § 522(f) (the "Avoidance Motion"), and a second asking the bankruptcy court to find that Collect was in contempt for its failure to timely turn over the $712.39 within the seven-day time period specified in the Order Denying Vacatur (the "First Contempt Motion").

The bankruptcy court conducted a hearing on the three Hernandez motions (i.e., Damages, Avoidance and First Contempt) on June 14, 2012. At the hearing, the Avoidance Motion was granted, the First Contempt Motion was denied because Collect had by then complied with the Order Denying Vacatur, and the Damages Motion was granted. The court awarded Hernandez his requested attorney's fees of $3,572.06, but denied his request for any additional damages.

The bankruptcy court directed Hernandez to prepare and lodge a proposed order concerning the Damages Motion. Hernandez lodged a proposed order on June 25, 2012. On July 2, 2012, Collect objected to the order proposed by Hernandez asserting that the bankruptcy court, at the hearing on June 14, 2012, had directed Hernandez to submit a form of "judgment," not an order. It also lodged a proposed form of judgment for entry by the court.

On July 6, 2012, the bankruptcy court entered an Order Re Further Briefing. It acknowledged Collect's objection to the Hernandez proposed order and conceded that it may have "misspoke" at some point in the hearing. However, the court indicated that

-5-

its intent, as reflected in the Memorandum of Decision and its tentative ruling, was that an order, not a judgment, be submitted for entry. The court cited to case law in support of its position that an order rather than a "mere judgment" was proper in this context.[6] However, the court invited Collect to submit further arguments on this point: "If Collect has case law to support its argument that the damages from the automatic stay should merely be a judgment instead of an order, it may submit further briefing by July 13, 2012. Otherwise, the Court will enter an order for Collect to pay Debtor's attorney's fees within 15 days."

Collect did not respond to the bankruptcy court's invitation to submit a brief, and the bankruptcy court entered the order on the Damages Motion on July 19, 2012 (the "Attorney Fee Order").

On December 14, 2012, the BAP affirmed the Order Denying Vacatur. Hernandez II, 483 B.R. at 726. Collect did not appeal the BAP's decision.

On April 22, 2013, Hernandez filed a second motion for contempt against both Collect and Zee Group (the "Second Contempt Motion"). It alleged that, while the Attorney Fee Order had been entered on July 19, 2012, directing Collect to pay $3,572.06 to

---

[6] See In re Jones, 2007 Bankr. LEXIS 4649, at *1 (noting that an order to show cause was entered against creditor for failure to pay sanction as required by order); In re Seaspire, Inc., 63 B.R. 44, 45 (Bankr. M.D. Fla. 1986) (ordering creditor to appear to explain why she should not be held in contempt for failing to pay damages for violation of the automatic stay); see also Shuffler v. Heritage Bank, 720 F.2d 1141, 1148 (9th Cir. 1983) (explaining that sanctions can be compensatory or coercive).

Hernandez's attorney within fifteen days, and while Hernandez had again demanded payment from Collect within five days on January 2, 2013, no payment had been made. The Second Contempt Motion asked the bankruptcy court to enter an Order to Show Cause ("O.C.") why Collect should not be held in civil contempt pursuant to Rule 9020 and § 105(a).

Collect responded to the Second Contempt Motion on May 6, 2013. While not denying its failure to pay Hernandez, it argued that because only Collect, and not its attorneys, was named in the Attorney Fee Order, Zee Group could not be held in contempt; that contempt was an improper procedure for enforcement of the Attorney Fee Order; and that the Second Contempt Motion was moot because it sought the same relief as the First Contempt Motion, which had been denied. Collect did not comply with the Attorney Fee Order.

Before the hearing on the Second Contempt Motion on May 23, 2013, the bankruptcy court issued a tentative ruling indicating its intent to hold Collect in civil contempt if the Attorney Fee Order had not been complied with, and the funds paid to Hernandez, before the hearing. After the hearing, the court took the issues under advisement.

The bankruptcy court entered an Order re Second Motion for Contempt on June 12, 2013 (the "Contempt Order"). First, the court agreed that contempt was not available as against Collect's attorneys. Second, the court ruled that the Second Contempt Motion was not moot because it addressed Collect's failure to comply with the Attorney Fee Order, while the First Contempt Motion focused on Collect's failure to obey the turnover orders.

The bankruptcy court then discussed Collect's third argument, that the Attorney Fee Order was merely a judgment for damages, rather than an order to pay sanctions, such that it could not be enforced via contempt. The court reasoned that, even if it had been an error for the court to enter an order, instead of a judgment, the Attorney Fee Order should have been obeyed. The court noted that the context of the proceedings clearly established that the Attorney Fee Order was based on an implicit finding of contempt, rather than merely a damages award. And finally, citing to the BAP's decision in Rosales v. Wallace (In re Wallace), 490 B.R. 898 (9th Cir. BAP 2013), the court explained that an order to enforce compliance with a previous sanctions order resulting from a party's misconduct is not an "ordinary money judgment" enforceable only through Civil Rule 69. The bankruptcy court found that clear and convincing evidence showed that Collect had knowingly violated a definite and specific court order (the Attorney Fee Order), had ignored the Court's rejection of its judgment theory, and had refused to pay the Attorney Fee Order.

The bankruptcy court ordered Collect to show cause why it should not pay $3,572.06, the amount due on the Attorney Fee Order, to Hernandez within seven days. Collect was also ordered to pay the attorney's fees incurred by Hernandez in seeking compliance with the Attorney Fee Order, in an amount to be determined after Hernandez filed a fee application.

Collect filed a timely appeal of the Contempt Order on June 21, 2013. Hernandez sought from the bankruptcy court, and was granted, a stay pending appeal, on condition that it provide

a bond, which it did.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O).  We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Whether the bankruptcy court abused its discretion in finding Collect in contempt for violating the Attorney Fee Order.

**STANDARD OF REVIEW**

The bankruptcy court's civil contempt order and sanctions are reviewed for abuse of discretion.  Rediger Inves. Servs. v. H Granados Commc'ns, Inc. (In re H Granados Commc'ns, 503 B.R. 726, 731-32 (9th Cir. BAP 2013).  The abuse of discretion standard has two parts.  First, we consider whether the bankruptcy court applied the correct legal standard; and second, we must decide whether the court's factual findings supporting the legal analysis were clearly erroneous.  Alakozai v. Citizens Equity First Credit Union (In re Alakozai), 499 B.R. 698 (9th Cir. BAP 2013) (citing United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc)).

**DISCUSSION**

**A.**

To hold a party in civil contempt, the bankruptcy court must find by clear and convincing evidence that the offending party knowingly violated a definite and specific court order.  Knupfer v. Lindblad (In re Dyer), 322 F.3d 1178, 1190 (9th Cir. 2003).  The burden then shifts to the offending party to show why it was unable to comply with the order.  FTC v. Affordable Media,

179 F.3d 1228, 1239 (9th Cir. 1999).

In the Contempt Order, the bankruptcy court explained:

Even if the court was incorrect in entering an order rather than a judgment for damages, which it was not, this is no defense to Collect's noncompliance with the Attorney Fee Order. If Collect thought the Attorney Fee Order was in error, it was incumbent upon it to submit briefing before the Court ruled, or appeal the Attorney Fee Order and seek to stay the order pending appeal. (Citations omitted). . . . In short, the evidence is clear and convincing that Collect knowingly violated a definite and specific court order by ignoring the Court's clear rejection of his judgment theory and refusing to pay the attorney's fees ordered by the Attorney Fee Order.

Contempt Order at 2.

In its analysis, the bankruptcy court correctly invokes a long-standing rule of law: "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." This principle was articulated by the U.S. Supreme Court in Maness v. Meyers, 419 U.S. 449, 458 (1975), although its origin relates back in the Court's case law to at least 1922 with Howat v. Kansas, 258 U.S. 181 (1922). The Ninth Circuit frequently applies the rule. See, e.g., Espinosa v. United Student Aid Funds, 553 F.3d 1193, 1205 (9th Cir. 2008) (holding that a creditor is not free to violate a bankruptcy court order because it has doubts as to the validity of the order) aff'd, 559 U.S. 260, 279 (2010); United States v. Galin, 222 F.3d 1123, 1127 (9th Cir. 2000); Crystal Palace v. Mark Twain Indus., Inc. (In re Crystal Palace Gambling Hall, Inc.), 817 F.2d 1361, 1365 (9th Cir. 1987) (cited as authority by the bankruptcy court in this appeal).

The Maness rule applies even when the statute or case law

-10-

underlying the trial court's order is later ruled unconstitutional. United States v. Pescatore, 637 F.3d 128, 144 (2d Cir. 2011). And disregard of the requirements of the rule is punishable by contempt proceedings. Id. However, to find contempt for violation of a court's order, the subject court order must have been lawful. Shilitani v. United States, 384 U.S. 364, 370 (1966). But, in this context, "lawfulness" is not a high standard, depending only on whether the court entering the order had subject matter jurisdiction over the action and personal jurisdiction over the parties affected by the order. Maness, 419 U.S. at 459 ("an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings.").

**B.**

As the bankruptcy court found, Collect apparently decided that because the Attorney Fee Order was a "judgment," and not an order, it need not voluntarily obey it but, instead, the onus was on Hernandez to use execution or some other enforcement means to collect the sums due under the Attorney Fee Order. Collect's decision was incorrect and had consequences.

First, we note that Collect has never asserted that the bankruptcy court lacked subject matter jurisdiction over this dispute, or personal jurisdiction over Collect to enter the Attorney Fee Order. Indeed, the Attorney Fee Order was entered by the bankruptcy court in connection with a pending bankruptcy case, to enforce the § 362(a) automatic stay, and to compel a creditor to recompense Hernandez for damages Collect caused him

-11-

by its disregard of that stay. Clearly, the bankruptcy court had subject matter jurisdiction over the contempt proceedings. See 28 U.S.C. § 1334(b)(establishing jurisdiction in the district courts for "civil proceedings . . . arising in or related to a case under title 11."); 28 U.S.C. § 157(a) (authorizing district courts to refer all such proceedings to the bankruptcy court); 28 U.S.C. § 157(b)(1),(2)(A), (E), and (O) (authorizing bankruptcy court to enter a final judgment in core proceedings, including "matters concerning administration of the estate," "orders to turn over property of the estate," or in "proceedings affecting . . . the adjustment of the debtor-creditor . . . relationship"). Collect was also subject to the personal jurisdiction of the bankruptcy court, was afforded appropriate due process, and appeared and was heard before the bankruptcy court entered its orders. See Rules 9014 (contested matters); 9020 (contempt).

Moreover, as we explain below, Collect's various arguments challenging the contempt finding in the bankruptcy court, and now on appeal, all lack merit. But, again, even if Collect were correct, it can not dispute that the bankruptcy court issued a lawful order, the Attorney Fee Order, which required it to act and it defiantly chose not to. If Collect believed that order was improper in some respect, its sole option was to appeal the order, and to seek a stay of its duty to perform pending that appeal. Instead, as the bankruptcy court correctly observed, Collect consciously decided not to comply with the Attorney Fee Order, it did not appeal, and it did not seek a stay. Effectively, Collect did nothing, and doing nothing when the

-12-

Attorney Fee Order clearly and definitely compelled it to pay Hernandez for the attorneys fees and costs he incurred in prosecuting the stay violation motions amply demonstrates Collect's contempt.

**C.**

Collect's arguments in support of its legal position fall into two categories. It first contends that the bankruptcy court's Attorney Fee Order is a "money judgment," and therefore, it must be enforced as a judgment, not via contempt proceedings. Second, Collect insists that the bankruptcy court erred in finding Collect in contempt for failing to pay a compensatory order.

Collect's first argument in unpersuasive. It relies on Rules 9001(7) ("'Judgment' means any appealable order."), 9002(5) ("'Judgment' includes any order appealable to an appellate court."), and Civil Rule 69(a), which is applicable in contested matters via Rules 7069 and 9014(c) ("A money judgment is enforced by a writ of execution, unless the court orders otherwise."). But Collect's argument proves too much, because, at bottom, its "judgment theory" would treat all orders issued by a bankruptcy court as judgments.

Collect cites two cases for the proposition that all of the bankruptcy court's orders are, by virtue of these rules, equivalent to money judgments. Collect's Br. at 12 (citing Newland v. Super. Ct., 40 Cal. App. 4th 608, 615 (1995); SEC v. Naftalin, 460 F.2d 471, 775 (8th Cir. 1972)). Neither case applies in this context.

The Newland case deals with discovery sanctions under

-13-

California law.  In it, the California court states that "monetary sanction orders are enforceable through the execution of judgment laws. These orders have the force and effect of a money judgment and are immediately enforceable through execution, except to the extent the trial court may order a stay of the sanction."  Newland, 40 Cal. App. 4th at 615.  Of course, Newland deals specifically with California's procedural rules; it does not speak to whether, or which, orders entered in federal civil proceedings are money judgments that must be enforced via a writ of execution, as opposed to contempt proceedings.

Collect's second authority, Naftalin, is also of no consequence here.  Quoting the court in its brief, Collect points out that, once the finding of contempt has been made and a sanction imposed, the order acquires all the "elements of cooperativeness and consequence necessary to be possessed by any judicial order to enable it to have the status of a final decision under [28 U.S.C.] § 1291."  Naftalin at 475.  But Collect does not correctly quote the text of the Eighth Circuit's decision, which instead actually reads, "Until a sentence or sanction has been made to exist as to a contempt adjudication, the situation is lacking in the elements of operativeness and consequence necessary to be possessed by any judicial order to enable it to have the status of a final decision under § 1291."  Id.  Naftalin also does not seem to have any bearing on what constitutes a money judgment enforceable by execution.

Collect searches unsuccessfully for reliable authority that a final order awarding monetary sanctions is a money judgment for purposes of Civil Rule 69(a).  Collect cites four cases that

simply apply Civil Rule 69(a)'s requirement that the proper means of securing compliance with a money judgment is to seek a writ of execution. Collect's Op. Br. at 20. The cases do not attempt to distinguish between money judgments and a stay violation sanctions order, nor more generally, are they insightful as to whether final orders must be enforced solely through writs of execution.

Of the four cases, the first is <u>Hilao v. Est. of Marcos</u>, 95 F.3d 848 (9th Cir. 1996). This case involved an attempt to enforce a $2 billion judgment from the District Court of Hawaii in the Central District of California against the estate of former President Ferdinand Marcos of the Philippines. The court held that the size of the judgment and difficulty of enforcing the judgment merited its treatment as a money judgment under Civil Rule 69(a). <u>Id.</u> at 855.

The second case is <u>Shuffler v. Heritage Bank</u>, 720 F.2d 1141 (9th Cir. 1983). The case dealt with enforcement of a money judgment, plus $500 per day in fines. Although there is dicta in the decision about Civil Rule 69(a), the court did not base its decision on Civil Rule 69(a), but only ruled that the party was in contempt for noncompliance with the earlier judgment, and remanded to the district court for determination of the amount of fine. <u>Id.</u> at 1148-49.

The third case is <u>Aetna Cas. & Sur. Co. v. Markarian</u>, 144 F.3d 346, 349 (1st Cir. 1997). The case holds that where a "money judgment" is entered in federal court, the enforcement is by writ of execution. Again, the size and complexity of the judgment and difficulty of enforcement made the writ of execution

under Civil Rule 69(a) the proper means of enforcement. Id. at 349.

The fourth case is Combs v. Ryan's Coal Co., 785 F.2d 970, 980 (11th Cir. 1986). Here the issue was enforcement of a money judgment against nonparties. The amount was substantial ($750,000), and again, the court determined it was a money judgment enforceable under Civil Rule 69(a), in part because it was a large judgment and involved nonparties.

These cases can be contrasted with this appeal. Here, the bankruptcy court found in the Attorney Fee Order that Collect had willfully violated the automatic stay by declining to release the seized funds to Hernandez, and awarded Hernandez compensatory sanctions under § 362(k). Collect did not appeal that order. And although Collect argues that the Attorney Fee Order was not a sanction order for misconduct, this is quibbling. The Attorney Fee Order directed Collect to pay the damages it had caused Hernandez to incur, consisting of attorneys fees and costs, in response to Collect's violation of the § 362(a) automatic stay. Simply put, Collect's conduct was inappropriate when measured against the Code, and the Attorney Fee Order cannot fairly be characterized as anything other than a sanction. The cases cited by Collect all deal with judgments entered in business disputes, not sanctions for misconduct.

As compared to the dearth of support for Collect's position, BAP case law supports the bankruptcy court's view that when a party's willful failure to comply with an order constitutes misconduct it may be remedied via contempt sanctions.

In Rosales v. Wallace (In re Wallace), 490 B.R. 898 (9th

-16-

Cir. BAP 2013), in a first contempt order, a creditor was found by the bankruptcy court to have violated the § 524(a) discharge injunction. The court ordered the creditor to pay sanctions to the debtor, including attorney's fees, within sixty days. The creditor did not pay. The debtor filed a second contempt motion to compel payment. The creditor argued that the first contempt order was a money judgment that could only be enforced by a writ of execution under Civil Rule 69(a). After a hearing, the bankruptcy court found creditor in contempt and order them to pay the original sanctions order. Creditor then appealed to the BAP. Id. at 904.

The Panel first dismissed creditor's argument that an order to pay sanctions is a "judgment" for purposes of Civil Rule 69(a), and Rules 9001(7) and 9002(5): "[T]hese Rules merely provide definitions for the word 'Judgment' as 'any appealable order' and 'any order appealable to an appellate court.' We fail to see how these definitions would transform what is clearly an order to pay monetary sanctions within a specified time period into a money judgment." Id. at 906.

The Panel ultimately ruled that Civil Rule 69(a) did not apply to a bankruptcy court's monetary sanction for violation of a previous order:

> Despite Civil Rule 69's mandate for the proper enforcement of money judgments, we are persuaded . . . that a court's monetary sanction for a contemnor's misconduct is not an "ordinary" money judgment, and therefore the use of the contempt power is a proper method to enforce a sanction for misconduct. [Cleveland Hair Clinic, Inc. v. Puig], 106 F.3d 165, 166 (7th Cir. 1997)("Use of the contempt power is an appropriate way to enforce a sanction for misconduct, which is not an ordinary money judgment.")(citing Alpern v. Lieb, 11 F.3d 689, 690 (7th Cir. 1993)). See

-17-

<u>Loftus v. Se. Pa. Transp. Auth.</u>, 8 F.Supp.2d 464, 468 (E.D. Pa. 1998), aff'd, 187 F.3d 626 (3d Cir. 1999) (table case)(citing <u>Cleveland Hair Clinic</u> and holding that the use of the contempt power to enforce a sanction for misconduct is appropriate because a sanction for misconduct is not an ordinary money judgment); <u>Eng. v. Goodcents Holdings, Inc.</u>, 2009 U.S. Dist. LEXIS 77801, 2009 WL 2835201, at *2 (N.D. Ga. Aug. 31, 2009)(rejecting plaintiff's argument that a writ of execution was exclusive remedy for violating prior sanctions order and holding that contempt proceeding was proper remedy for plaintiff's failure to comply with the order awarding defendant attorney's fees for plaintiff's unreasonable continuation of litigation); <u>SD Prot., Inc. v. Del Rio</u>, 587 F.Supp.2d 429, 434-36 (E.D.N.Y. 2008)(holding party in contempt for failing to comply with prior order to pay monetary sanction imposed for delaying litigation).

<u>Id.</u> at 907.

Collect's argument that the Attorney Fee Order is a money judgment that must be enforced through a writ of execution under Civil Rule 69(a) is inconsistent with <u>In re Wallace</u>. We hold that the Attorney Fee Order was a definite and specific order that Collect knowingly elected to disregard. Accordingly, the bankruptcy court did not abuse its discretion in finding Collect in contempt. <u>Id.</u> at 908.

**D.**

There is one potential element of confusion in the bankruptcy court's Contempt Order that Collect identifies: Were the amounts that Collect was ordered to pay Hernandez in the Attorney Fee Order compensatory damages under § 362(k), or contempt damages under § 105(a)? Earlier in the case, the bankruptcy court based the Attorney Fee Order on § 362(k). Then, in the Contempt Order, the bankruptcy court stated that "the record also supports the Court finding Collect in contempt in the Attorney Fee Order under the standards of 11 U.S.C.

-18-

§ 105(a)." Contempt Order at 5.

There does not appear to be any prohibition in the case law on awarding attorneys fees to an individual debtor to remedy a stay violation under either § 105(a) or §362(k), provided the different procedural requirements for such an award are met, and the award does not include punitive damages. Schwartz-Tallard v. Am. Servicing Co. (In re Schwartz-Tallard), 473 B.R. 340, 351 (9th Cir. BAP 2012). And, recall, as the bankruptcy court observed in its Contempt Order, "[t]he [Order re Further Briefing] clearly invited the parties to address the contempt issue to enable the Court to determine which of the two proposed orders to enter, so Collect was aware that the Court was reconsidering its tentative ruling and awarding the [Attorney Fee Order] on the basis of the First Contempt Motion rather than the Damages Motion when it entered the Attorney Fee Order as a contempt order, rather than merely a damages award." Contempt Order at 6.

The Panel has addressed this issue, and in doing so, rejected Collect's argument that the Ninth Circuit's opinion in Sternberg v. Johnson, 595 F.3d 937 (9th Cir. 2008), limits damages for violation of the automatic stay to those specified in § 362(k):

> Sternberg does not limit the recovery of fees and costs to § 362(k); instead, a debtor's recovery of damages is also available under § 105(a). This is confirmed in the decision itself, which provides that the basis for the decision was the statutory language of § 362(k), not the bankruptcy court's civil contempt authority under § 105(a). See [Sternberg, 595 F.3d at] 946 n.3 ("As this opinion does not consider the civil contempt authority of the court, it does not limit the availability of contempt sanctions, including attorney fees, for violation of the automatic stay, where

otherwise appropriate.").

Rediger Inves. Corp. v. H Granados Commc'ns, Inc. (In re H Granados Commc'ns, Inc.), 503 B.R. 726, 734 (9th Cir. BAP 2013).

At bottom, it is of no consequence in this case whether the Attorney Fee Order was based upon the bankruptcy court's inherent power to punish contempts under § 105(a), as opposed to its power to compensate debtors for stay violations under § 362(k). The Attorney Fee Order was a lawful order of the bankruptcy court that Collect defied for almost two years. We find no abuse of discretion in the bankruptcy court's decision to find Collect in contempt for its failure to obey the Attorney Fee Order.

**CONCLUSION**

Collect knowingly violated a lawful, specific order of the bankruptcy court directing it to pay compensatory damages to Hernandez incurred as a result of Collect's violation of the automatic stay. Instead of appealing the order and requesting a stay pending appeal, Collect did nothing. Its arguments to justify its conduct lack merit. Even were it correct, though, Collect cannot avoid the consequences of its disregard of the basic tenet that lawful orders of a court must be obeyed, and absent compliance, as the disobedient party, it may be held in contempt.

We AFFIRM the Contempt Order of the bankruptcy court.