**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                              )    BAP No.   CC-17-1030-KuLTa
                                    )
PETER BROWN KLEIDMAN,               )    Bk. No.   1:12-bk-11243-MB
                                    )
                Debtor.             )
_____)
                                    )
PETER BROWN KLEIDMAN,               )
                                    )
                Appellant,          )
                                    )
v.                                  )    **MEMORANDUM DISMISSING APPEAL**
                                    )    **FOR LACK OF STANDING**[*]
HILTON & HYLAND REAL ESTATE,        )
INC.,                               )
                                    )
                Appellee.           )
_____)

Submitted Without Oral Argument
on July 27, 2017

Filed – August 11, 2017

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Martin R. Barash, Bankruptcy Judge, Presiding

Appearances:    Appellant Peter Brown Kleidman on brief pro se;
                Matthew A. Lesnick and Christopher E. Prince of
                Lesnick Prince & Pappas LLP and Aviv L. Tuchman
                and Michael C. Dicecca of Tuchman & Associates on
                brief for appellee.

Before: KURTZ, LAFFERTY and TAYLOR, Bankruptcy Judges.

_____

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

**INTRODUCTION**

The reorganized chapter 11[1] debtor Peter Brown Kleidman appeals from an order granting his motion for leave to file an adversary proceeding but denying his alternate request seeking permission to pursue the same claims in state court. Kleidman also appeals from an order denying his subsequent motion under Rule 9023 seeking to amend the first order to delete the denial of his alternate request.

Kleidman is concerned that the denial of his alternate request might be construed as a denial "with prejudice" – that it might later preclude him from pursuing his claims in state court if the bankruptcy court later determines that it does not have jurisdiction to hear and resolve the adversary proceeding. But the bankruptcy court specified in open court that it meant to deny the alternate request "without prejudice" – that it did not intend for its denial to substantively alter Kleidman's rights. The bankruptcy court's manifested intent controls the meaning of its order.

Given that Kleidman's rights were not altered in any meaningful way by the denial of the alternate request (or by the denial of his Rule 9023 motion), Kleidman lacks standing to appeal. Accordingly, this appeal will be DISMISSED for lack of standing.

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

2

**FACTS**

Kleidman's chapter 11 plan was fully implemented as of July 2016, and his bankruptcy case was closed. Several months later, Kleidman filed a motion to reopen his bankruptcy case, and he simultaneously filed a separate motion requesting the following relief: (1) leave to file an adversary proceeding in the bankruptcy court against his former court-approved real estate broker, Hilton & Hyland Real Estate, Inc., which helped him sell a residence for $5.3 million; or (2) leave to pursue his claims against the broker in state court. According to Kleidman, the broker knew the residence was worth millions more than it sold for but kept this information to itself because it had a closer business relationship with the buyer of the residence than it had with Kleidman and stood to gain a great deal more by allying itself with the buyer.

The bankruptcy court granted the motion to reopen and also granted Kleidman leave to file the adversary proceeding. But the bankruptcy court also specifically denied his alternate request for relief – his request that the court permit him to pursue his claims in state court. In response to the bankruptcy court's January 20, 2017 order, Kleidman filed on February 2, 2017, a motion under Rule 9023 to amend the court's order. Kleidman contended that the language denying his alternate request for relief was unnecessary, potentially detrimental to his rights, and should be stricken from the order. Kleidman maintained that the explicit denial of his alternate request for relief potentially could preclude him from later pursuing his claims in state court in the event that the bankruptcy court subsequently

3

determined that it lacked jurisdiction to hear and resolve the adversary proceeding against the broker. Later the same day, Kleidman also filed a notice of appeal from the January 20, 2017 order.

Kleidman then filed a motion to stay his Rule 9023 motion. Kleidman contended that the bankruptcy court should delay in deciding the Rule 9023 motion because, if the court finally determined that it had jurisdiction over Kleidman's adversary proceeding, then the Rule 9023 motion would become moot. The bankruptcy court held a hearing on the stay motion on February 28, 2017. At the hearing, the bankruptcy court denied both the stay motion and the Rule 9023 motion. The court explained in relevant part that it did not mean or intend for its denial of Kleidman's alternate request for relief to have any substantive impact on Kleidman – other than to prevent him from pursuing his claim in state court for the time being. The court told Kleidman that, if the bankruptcy court later were to dismiss the adversary proceeding on jurisdictional grounds, nothing in the January 20, 2017 order prevented or precluded him from filing a new motion for leave to pursue his claims in state court:

> I hear you are concerned for some reason about jurisdiction over the dispute, but if I were to -- if there were a motion to dismiss, and I were to grant that [on] jurisdictional grounds, there's nothing about the [January 20, 2017 order] that would preclude you from asking me to revisit the issue of you being able to proceed in state court.
>
> In fact, I think if it were, if there were an issue of jurisdiction here in the bankruptcy court, you'd have a pretty good argument.

Hr'g Tr. (February 28, 2017) at 5:9-18.

The bankruptcy court entered its orders denying the stay

4

motion and the Rule 9023 motion on March 9, 2017, and, pursuant to Rule 8002(b)(3), Kleidman filed an amended notice of appeal covering the denial of the Rule 9023 motion.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). See Harris v. Wittman (In re Harris), 590 F.3d 730 (9th Cir. 2009); Maitland v. Mitchell (In re Harris Pine Mills), 44 F.3d 1431 (9th Cir. 1995). We have jurisdiction under 28 U.S.C. § 158.

The bankruptcy court retained jurisdiction to dispose of the Rule 9023 motion even though Kleidman also filed a notice of appeal from the January 20, 2017 order. See Rule 8002(b)(2).

**ISSUE**

Does Kleidman have standing to appeal the January 20, 2017 order and the order denying his Rule 9023 motion?

**STANDARD OF REVIEW**

We review standing issues de novo. Fursman v. Ulrich (In re First Prot., Inc.), 440 B.R. 821, 826 (9th Cir. BAP 2010).

**DISCUSSION**

As a preliminary matter, it is important to note what Kleidman does not challenge on appeal. Kleidman has not taken issue with bankruptcy court's granting of his request for leave to file an adversary proceeding against his former real estate broker. Nor does Kleidman dispute the bankruptcy court's decision not to permit him to pursue the same claims in state court while the adversary proceeding is pending.

The only thing Kleidman challenges on appeal is the bankruptcy court's decision to expressly deny his alternate

5

request for leave to pursue his claims in state court. Kleidman asserts that it was unnecessary for the bankruptcy court to address his alternate request for relief because the court granted him the primary relief he sought: leave to file the adversary proceeding. According to Kleidman, the bankruptcy court should not have said anything about his alternate request. Kleidman insists that he might be adversely affected by the denial to the extent the denial is later interpreted to be a denial "with prejudice."

However, the bankruptcy court clarified at the hearing on Kleidman's stay motion that the denial was not meant to have any preclusive effect on Kleidman's future rights. In other words, the court signified that the denial should be construed as a denial "without prejudice." We must give significant deference to the bankruptcy court's construction of its own judgments and orders. See Hallett v. Morgan, 296 F.3d 732, 739-40 (9th Cir. 2002); Rosales v. Wallace (In re Wallace), 490 B.R. 898, 906 (9th Cir. BAP 2013).

No one – neither the parties nor the court – is suggesting that the denial of Kleidman's alternate request for relief should be construed as a denial with prejudice. Furthermore, the bankruptcy court made it clear that it intended otherwise; it intended its denial to be a denial without prejudice. As a result, Kleidman lacks standing.

Arguably, the denial meets the minimal requirements of constitutional standing because the denial effectively prohibits Kleidman (at least for the time being) from pursuing his claims in state court. See generally Veal v. Am. Home Mortg. Servicing,

6

Inc. (In re Veal), 450 B.R. 897, 906 (9th Cir. BAP 2011) (explaining constitutional standing requirements). Even so, in order to appeal a bankruptcy court order, an appellant also must establish that it is a "person aggrieved," that it has been "directly and adversely affected pecuniarily" by the order appealed. Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 442 (9th Cir. 1983); see also Cheng v. K & S Diversified Invs., Inc. (In re Cheng), 308 B.R. 448, 454 (9th Cir. BAP 2004), aff'd, 160 F. App'x 644 (9th Cir. 2005). To meet this standard, the appellant must demonstrate that the order on appeal diminished its property, increased its burdens, or detrimentally affected its rights. Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.), 177 F.3d 774, 777 (9th Cir. 1999) (citing In re Fondiller, 707 F.2d at 442).

Kleidman has not established the existence of any such adverse effect resulting from the denial of his alternate request for relief – or from the denial of his Rule 9023 motion. Given that the bankruptcy court manifested its unequivocal intent to deny Kleidman's alternate request for relief **without prejudice**, the denial did not have any meaningful impact on him or any of his rights. Consequently, Kleidman lacks standing, and we must dismiss his appeal.

## CONCLUSION

For the reasons set forth above, we DISMISS this appeal based on Kleidman's lack of standing.