NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  LANDMARK FENCE COMPANY, INC., <br><br> Debtor, <br> _____ <br><br> LANDMARK FENCE COMPANY, INC., a California corporation, <br><br> Appellant, <br><br>   v. <br><br> JAMES SAHAGUN; GERARDO GARCIA, <br><br> Appellees. | No.    18-56355 <br><br> D.C. No. 5:16-cv-01538-JGB <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted March 4, 2020
Pasadena, California

Before:  TASHIMA, HURWITZ, and FRIEDLAND, Circuit Judges.

Landmark Fence Co. appeals an order of the district court affirming a

judgment of the bankruptcy court, entered after a bench trial in a proceeding on

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellees' wage claims ("Claim 8-1"). We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291. We review the bankruptcy court's decisions "independently without deference to the district court's determinations." *Leichty v. Neary (In re Strand)*, 375 F.3d 854, 857 (9th Cir. 2004) (citation omitted). We review the bankruptcy court's legal conclusions de novo and its factual findings for clear error. *Rev Op Grp. v. ML Manager LLC (In re Mortgs. Ltd.)*, 771 F.3d 1211, 1214 (9th Cir. 2014). We affirm.

1.     Landmark argues that the bankruptcy judgment on Claim 8-1 should be vacated because Landmark's Chapter 11 petition was eventually dismissed. The parties agree that this question turns on whether the proceeding conducted by the bankruptcy court was a claim objection proceeding, the purpose of which was to determine whether to allow a claim against the bankruptcy estate, *see* Fed. R. Bankr. P. 3007, or instead an adversary proceeding, the purpose of which was to determine Landmark's liability to Appellees, *see* Fed. R. Bankr. P. 7001.

We agree with the bankruptcy court and the district court that the bankruptcy court converted the proceedings on Claim 8-1 to an adversary proceeding. At a March 30, 2011 hearing, after concluding that a trial was required to resolve Claim 8-1, the bankruptcy court suggested that it "would convert it to an adversary proceeding." Landmark's counsel agreed with that suggestion, advising the court that "[t]hat seems like a reasonable approach to me." The bankruptcy court then

2

stated that it was "going to go ahead and set a status conference on the claims objection which I will convert to an adversary." The court further advised the parties that it would assign an adversary number to the matter and re-designate the parties as plaintiffs and defendant.[1] Landmark indicated that it understood that a conversion had taken place, when, in a May 18, 2011 status report, it acknowledged that the court had "converted" the matter "into an adversary proceeding, designating the claimants as the 'plaintiffs,'" the claim as the "complaint" and the claim objection as the "answer." These designations would not have been necessary if the matter had remained a claim objection proceeding. *See, e.g.*, Fed. R. Bankr. P. 3007 advisory committee's note (explaining that "an adversary proceeding requires the service of a . . . complaint," unlike a claim objection proceeding).

As the bankruptcy court explained in 2015, "this really was an adversary proceeding in all respects" after March 2011. The bankruptcy court's interpretation of its own order on conversion was not an abuse of discretion. *See Rosales v. Wallace (In re Wallace)*, 490 B.R. 898, 906 (B.A.P. 9th Cir. 2013). Because the bankruptcy court had converted the proceedings on Claim 8-1 to an

---

[1] Although the bankruptcy court did not assign an adversary number at that time, it later explained that this was simply a clerical error.

3

adversary proceeding in March 2011, those proceedings were not mooted by the subsequent dismissal of Landmark's Chapter 11 petition.

2.    Landmark argues in the alternative that the bankruptcy court erred by converting the claim objection matter to an adversary proceeding.  But, instead of raising this argument in 2011 when the bankruptcy court indicated that it was converting Claim 8-1 to an adversary proceeding, Landmark endorsed that decision.  Landmark also later filed a status report confirming that it understood the conversion had occurred, without raising an objection to it.  Indeed, it was not until 2016, well after the bench trial on Claim 8-1 had been completed, and after the bankruptcy court had again clarified that it had converted the claim objection matter to an adversary proceeding, that Landmark first raised any objection to the conversion, and even then it did not expressly contend that the bankruptcy court lacked the power to do so.[2]  Given Landmark's prior consent to the conversion, the bankruptcy court correctly rejected its attempt to rewrite history.  *See Hass v. Rainsdon (In re Pringle)*, 495 B.R. 447, 458 (B.A.P. 9th Cir. 2013) (noting that a party can be deemed to consent to the bankruptcy court's authority to decide a matter where it has "been alerted to the bankruptcy court's possible lack of

---

[2]   Landmark instead argued that the matter was not an adversary proceeding because it was initiated through a claim objection and that the Bankruptcy Claim Order was not expressly characterized as a judgment.

authority, had ample opportunity to object, affirmatively participated in litigation at the bankruptcy court," yet "only objected once it had lost").[3]

**AFFIRMED.**

---

[3] We note that the bankruptcy court's decision to convert the claim objection proceeding to an adversary proceeding did not affect the court's jurisdiction to resolve Claim 8-1, which the court possessed either way. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271-72 (2010) ("[T]he requirement that a bankruptcy court [resolve certain issues] in an adversary proceeding derives from the Bankruptcy Rules, which are 'procedural rules adopted by the Court for the orderly transaction of its business' that are 'not jurisdictional.'" (citation omitted) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 454 (2004))).

*Landmark Fence Co. v. Sahagun (In re Landmark Fence Co.)*, No. 18-56355

TASHIMA, Circuit Judge, dissenting:

I dissent.

Landmark Fence Co., Inc. ("Landmark"), was a debtor in bankruptcy. In that case, certain former employees of Landmark (for whom Sahagun was a putative class representative) (the "Sahagun Creditors") filed a claim for unpaid wages to which Landmark objected. The bankruptcy court declared that, because factual issues needed to be determined as to the validity and extent of the claim, an "evidentiary hearing" was necessary.

The principal issues in this case are whether the bankruptcy court could and did "convert" the claim objection proceeding to an adversary proceeding, and whether Landmark sufficiently raised its objection to such a conversion so as not to waive it. The majority concludes that such a conversion took place. It declines, however, to reach the issue of whether a bankruptcy court can convert a claim objection proceeding into an adversary proceeding, because it concludes that Landmark consented to the conversion. For the reasons set forth below, I disagree.

Federal Rule of Bankruptcy Procedure 7001 is a plainly written rule. It provides: "An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:" Then follows a list of ten discrete

proceedings. A claim objection proceeding is not listed as one of the ten adversary proceedings.[1]

In *Certified Class v. Charter Co. (In re Charter Co.)*, 876 F.2d 866 (11th Cir. 1989), the Eleventh Circuit rejected the proposition that a claim for damages against the debtor for violation of the federal securities law could have been brought as an adversary proceeding, noting that Rule 7001 "does not include a category for the recovery of claims against the debtor." *Id.* at 874 n.12. A number of bankruptcy courts also have so held, and the Sahagun Creditors-appellees cite no case holding to the contrary. Given this unanimity of opinion, with no authority to the contrary, together with the plain wording of Rule 7001, we should hold the same – that a claim against the debtor cannot be brought as an adversary proceeding.

Eliding this question, the majority concludes that Landmark consented to the bankruptcy court's "conversion" of the Sahagun Creditors' Claim 8-1 to an adversary proceeding. The record does not support such a waiver by consent.

The bankruptcy court's statement that it would convert Landmark's objection to the Sahagun Creditors' Claim 8-1 to an adversary proceeding was

---

[1]     Neither does the rule have a provision for converting any other proceeding (other than the ten listed) into an adversary proceeding.

premised on its recognition that factual questions required determination in order to decide whether to allow the claim and to what extent. Thus, it was entirely reasonable for Landmark to assume that what the bankruptcy court meant was that it was employing the Part VII rules to determine the factual questions at issue in Claim 8-1. That is what the Bankruptcy Rules recognize – that "some of the Part VII rules also apply to contested matters." Bankr. R. 7001, Advisory Committee Notes.

It also appears that this was what the bankruptcy court intended. From its Memorandum of Decision, rendered on August 16, 2012, after trial of the "adversary" proceeding, the bankruptcy court stated, *inter alia*:

- That the subject of the trial was "[t]he objection of Debtor . . . to class claim No. 8-1 of the Sahagun Creditors."

- ` "*As claims litigation*, this Court has jurisdiction under 28 U.S.C. § 157(b)(2)(B)." (Emphasis added.)[2]

- Landmark filed an objection to claim 8-1. "The court found the issues raised in the objection to claim raised factual issues which could only be resolved with an evidentiry hearing and thereafter has *treated* this proceeding as an adversary proceeding . . . ." (Emphasis added.)

- "The Court's ultimate ruling on this claim will affect the payment of

---

[2]     That section grants bankruptcy courts jurisdiction over proceedings to determine "allowances or disallowances of claims against the estate." 28 U.S.C. § 157(b)(2)(B)l. The bankruptcy court cited no other statutory authority as the basis of its jurisdiction.

creditors under a proposed Chapter 11 plan."

- "[T]he portion of the damages claim of the Sahagun Creditors which is based on the Labor Code § 203 penalties shall be subordinated to payment of all general unsecured creditors under any Chapter 11 plan proposed by Landmark."

Even in its final judgment, entered on November 14, 2012, the bankruptcy court referred to the claim objection and allowance: "The Court allows the Sahagun Creditors Claim No. 8-1 as follows:"

These words do not unequivocally denote conversion to an adversary proceeding; they are more consistent with what was taking place – the determination of Landmark's claim objection to Claim 8-1.

Given this record that the bankruptcy court *treated* (*i.e.*, not *converted*) Landmark's objection to Claim 8-1 as an adversary proceeding, it was eminently reasonable for Landmark's counsel to assume that the bankruptcy court had only adopted "some of the Part VII rules" of the Bankruptcy Rules to apply to its claim objection proceeding because, as it had earlier stated, an "evidentiary hearing" was required to settle outstanding factual issues. It was not until three months later, on November 14, 2012, that the bankruptcy court entered a money judgment against Landmark and belatedly assigned an adversary proceeding number to the proceeding. At that point, Landmark did object.

It moved to vacate the claims order, which the bankruptcy court denied, and this appeal followed. This is a timely objection – certainly not consent – and a fair reading of the record fails to support the conclusion that Landmark consented to the bankruptcy court's belated "conversion" of the claim objection proceeding into an adversary proceeding.

Because this court should reach the question whether a bankruptcy court is authorized to convert a claim objection proceeding into an adversary proceeding, I respectfully dissent.